**UNITED STATES of America,**
**Appellee,**

v.

**Richard Kevin REID, Appellant.**

No. 03–3098.

United States Court of Appeals, District of Columbia Circuit.

March 15, 2004.

Roy Wallace McLeese, III, John Robert Fisher, Lisa Hertzer Schertler, Assistant

U.S. Attorneys, U.S. Attorney's Office, (USA) Criminal Appellate, Roscoe Conklin Howard, Jr., U.S. Attorney, U.S. Attorney's Office, (USA) Civil Appellate, Washington, DC, for Plaintiff–Appellee.

Ferris R. Bond, Bond & Norman, Washington, DC, for Defendant–Appellant.

Before GINSBURG, Chief Judge, and RANDOLPH and ROBERTS, Circuit Judges.

## JUDGMENT

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has determined the issues presented occasion no need for oral argument. *See* D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the district court's order denying Reid's motion to suppress evidence and statements be affirmed. The district court did not err in finding the arresting officers had probable cause to believe the gambling in which Reid was engaged would tend to "annoy, disturb, interfere with, obstruct, or be offensive to others" and might result in a "breach of the peace." D.C.Code § 22–1321 ("Disorderly conduct").

Even though the offense said to be the basis for Reid's arrest – "disorderly gambling" – is not a crime, that probable cause existed to arrest him for any crime is sufficient to render the arrest lawful. *See United States v. Bookhardt*, 277 F.3d 558, 564 (D.C.Cir.2002) ("an arrest will be upheld if probable cause exists to support arrest for an offense that is not denominated as the reason for the arrest by the arresting officer"); *Bell v. United States*, 254 F.2d 82, 86 (D.C.Cir.1958) ("The question is not what name the officer attached to his action; it is whether, in the situation

in which he found himself, he had reasonable ground to believe a felony had been committed"); *see also Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis"); *United States v. Wesley*, 293 F.3d 541, 545 (D.C.Cir.2002) (probable cause when "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person in believing that the suspect has committed, is committing, or is about to commit an offense"). Because the search about which Reid complains was incident to a lawful arrest, it was reasonable under the Fourth Amendment, *see Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), irrespective of the arresting officers' mistaken belief that "disorderly gambling" is a crime in the District of Columbia.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.